Mr. Kirkman, you may proceed. May it please the court and counsel. Good morning, your honors. The Lake County Circuit Court abuses discretion when it sentences Donald Mischke to one remand into consecutive terms of 26 years for first degree murder and seven years for aggravated driving under the influence. So the court originally had imposed sentences of 26 years and seven years to be served. And currently, this court found at the defendant's request that the sentences were void under ARNA and remanded for resensing the position of consecutive sentences. And on remand, Judge Leavitt referred to the court's original sentence of 26 years and seven years. And that sentence would have resulted in Mr. Mischke serving 26 actual years in prison. Judge Leavitt said that he had given a great deal of consideration to the potential penalties and the factors in aggravation and mitigation when imposing that original sentence. And Judge Leavitt went on to say he continued to believe those sentences to still be correct. So he again sentenced Mr. Mischke to terms of 26 years and seven years, this time to be served consecutively. In the defendant's original appeal, he did not argue that the sentences were an abuse of discretion, correct? That is correct. Only that they were void under ARNA. I'm sorry. I didn't hear that. That is correct. We only argued that they were void under ARNA. We did not argue that they were excessive. And I think the State made the point that the defendant's lucky to be back here to even have this sentence reconsidered, correct? In the trial court, yes. Defense counsel did not say that. You're arguing abuse of discretion where the argument was never made in the opening appeal, the first appeal. Because the sentences are considered individually. Isn't that argument forfeited by failing to raise it in the initial appeal? I would argue that, no, they're not forfeited. Why is that? Because our argument that the law in effect at the time, pre-Castleberry, was that these sentences were void. And the law at the time was that under the void sentences, they didn't exist and they had to be remanded for new sentencing hearing. I didn't feel it was appropriate to say that void sentences were excessive. In Garcia, the Supreme Court made the point that the Pierce rule, the prophylactic rule, does not apply in situations such as this where cases sent back to correct a void sentence. Correct? Correct. And in this case, obviously the facts were pretty egregious. The defendant committed a burglary, drove his car into a store to steal a television, fled the police, knowing the police were in pursuit, he locked the door, fled, and killed the victim. Correct? Correct. And the court said, I'm remanded. I considered this, I've given a lot of thought and consideration. I think the sentences I imposed were appropriate.  Where's the abuse of discretion? The abuse of discretion is that the original sentences the court considered cut away and crafted a sentence that would have resulted in Mr. Mischke spending 26 years in prison. 26 years of first degree murder, 100% concurring. Isn't that contrary to the way a court is supposed to look at sentencing? You sentence on the offense that's in front of you, whether it's to be sort of concurrently or consecutively, should impose a sentence that you believe, as a trial court, is merited by the facts and circumstances of the case, the history, character, and function of the defendant. Correct? Correct. And that's what the trial court said. Well, how does it change then to go from 26 years in prison to 29 and a half years in prison if the original sentence was carefully considered, but 26 was correct and 7 was correct and resulted in an aggregate of 26 actual years with no new evidence in aggravation, only additional evidence in litigation? The aggregate sentence increases by three and a half years. Do you have a case that stands for the proposition that that is an abuse of discretion when the case is sent back to correct a void sentence? I don't have anything that says that. So this would be a case of first impression if we were to say that, correct? My understanding is yes, it would be. There are legal principles involved that say, as you stated, that you sentence on an individual sentence, and that's what we look at to determine whether there's an increase. You mentioned Garcia. Garcia dealt with the statute on resentencing, 615B and the powers of the review of the court and such. It did not say that they were expanding to excessive sentences. You know, trial courts do have great discretion to impose sentences, but if a sentence greatly varies from the spirit and purpose of the law, then it can be an abuse of discretion. So how does the sentence here, how is the sentence in this case inconsistent with the intent or the rule that the sentence should be fashioned to both look at the facts of the case, the harm to the public, the harm to society, as well as the balance of rehabilitative potential, et cetera, of the defendant? How is the sentence out of line? Where is the abuse of discretion? Because the aggregate increase from 26 years to 33 years, of which he was served 29 and a half. Without any new evidence. Without any new evidence, correct. Other than the defendant's remorse and the things that he's been engaged in in prison. Correct. So it's merely a numbers thing? You're kind of implying that it's almost just a numbers thing. Well, it is. You know, the judge said, Judge Leavitt said, I carefully considered the factors in aggravation, mitigation, correctness of the sentence that I believe to have been correct. And that sentence resulted in an aggregate of 26 years. On remand, Judge Leavitt said, I carefully considered those sentences the first time around. I believe them to be correct. Now they're concurrent, or excuse me, now they're consecutive. And the aggregate goes up. The actual time spent in prison goes up. Well, how is it, how can it be correct before and also correct after? Well, that isn't the question. The question has been asked repeatedly by Justice Borquette is, how is this an abuse of discretion? And I would suggest to you that a reasonable mind could disagree with your argument on the basis that concurrent sentences are a fantasy, a fiction created out of whole cloth that has essentially gives defendants who commit multiple crimes, through concurrent sentences, virtually no punishment for the lesser sentences, because they're merged into effectively the more serious offense, and therefore there is no retribution, no punishment whatsoever for the lesser offense. And so if a reasonable mind decides that every crime should be punished, then it's not unreasonable to suggest that this is not an improper sentence. The implication of that would be that the first sentence was improper because it wasn't consecutive, and that's clearly not the way our sentencing laws and decisions are set up. My point is, tell me how what I've just said is unreasonable when the standard of review is whether no reasonable person would agree with what happened. You're saying that anybody who doesn't like concurrent sentences because philosophically or in reality, they do not really punish a defendant for all of his crimes is unreasonable? I think a reasonable person could also say, how can a trial court, imposing concurrent sentences, say I have crafted a sentence, two sentences that will result in a defendant serving 26 years, say I believe those sentences were correct, only now you're going to serve 29 and a half. That is an issue for the General Assembly. The trial court is to impose a sentence that he or she believes is appropriate given the facts and circumstances of the case, the history, character, and condition of the defendant, correct? I mean, that's what the Supreme Court has said. You look at each sentence and fashion a sentence to apply to that individual crime, and whether they're to run concurrently or consecutively, you let the chips fall where they may. I mean, I understand your argument that it just seems unfair to increase the defendant's aggregate sentence. However, the trial court said I carefully considered these sentences and I'm not changing my mind. I'm not going to change these sentences, which, by the way, given the facts and circumstances of the case, they were on the lower end in the first place. He only got 26 on a horrible murder case. And with not an extensive criminal history, but a substantial history of DWLR, DUI, an acknowledged drug user, which in both ways can be mitigated, can also be aggravated. He was time-consuming to go through that score. We're not arguing that the individual sentences are excessive. We're arguing that the aggregate is excessive where there was no new evidence in aggravation. There was only new evidence in mitigation. And the judge said I carefully considered the sentences, and I felt 26 in prison was appropriate the first time. A few of those sentences are appropriate, but the aggregate sentence is not. No, he didn't do that. Because if he had done that, he wouldn't have sentenced the additional seven years. So this is, if you did this, in my mind, in a truly mathematical way, it was 26 plus 7 equals 33. But we're going to create a fiction that says that you're allowed to, quote, unquote, serve your sentences simultaneously instead of, in reality, being punished consecutively as you should be. Because this is a situation where if it's concurrent, we are creating this false premise that, in reality, you're actually serving two sentences when you're really only serving, as you say, 26 years. So one other thing that you said that I waited on, because there was another colloquy going on, was your response to me was the trial court, when it came up with 26 and 7, had to be right because anything other than 26 and 7 is a change of his mind. And I think that when one is resentenced, that's exactly what a judge is allowed to do, is the judge is allowed to change his mind and either sentence 26 and 7 consecutively, 25 and 3 consecutively, or, but he can't go 27 and 7, which is what he didn't do. So your argument, in my opinion, fails for the simple reason that if he sentenced 26 plus 7 equals 33 and the fact that there is some sort of, for want of a better term, prestidigitation that reduces it down to 26, on the theory that this person is in two time zones or two realities and simultaneously being punished at the same time in different time warps, I don't see that my disagreement with that concept is unreasonable, nor was the trial court judge's. If you want to respond, you can, you don't have to. I'm not forcing an admission out of you either or a concession. When you talk about legal fictions, I came here today wanting to avoid talking about legal fictions such as that we only look to the individual sentences and we don't look at the manner in which they're served. The legal fiction that under Arnett where a sentence is void, it's as if it doesn't exist, that there's no sentence there to increase or decrease that stays the same. It disregards the real world effect. When we get bogged down in these legal fictions that reasonable people can disagree on, then what matters to the criminal defendant, to Mr. Mischny and everyone else who's ever been sentenced after a guilty plea or by the court is how much time am I going to serve? What is the effect on me? What is the aggregate? What percentage of sentences do I serve? How do they combine? What is the effect on me? And to say we have these legal theories that we're going to apply, consecutive, concurrent, can increase the individual sentences or we can increase the aggregate or we're going to pretend that we didn't, all that disregards this real world effect on defendants. I should point out to you that I think the Supreme Court said that the legislature has the wherewithal and the prerogative to actually legislate or enact sentences that will result in either two life sentences be served or a life sentence plus a term of years, which I believe I was reversed on because I suggested that once a person dies, it doesn't seem to make much sense to keep their corpse in prison or worse to that effect. And the Supreme Court basically said, no, if that's what the legislature wishes to do, then it can still act alone. We won't aggregate it, but they never really addressed whether the warden is supposed to have a cemetery where they place jars of cremated defendants in, say, suspended animation until such time as their sentences have expired and they end up then being given to next of kin. I want to cover one other point. Assuming that we affirm and this is an opinion, we've had other cases where we've asked appellate counsel, typically the appellate defender, do you understand that your argument may result in your client getting a larger, longer, a more punitive sentence? And the responses were not, I didn't hear one that included the statement. In the future, we will relate to reality, relate to the fact that maybe if we claim it's a void sentence, that maybe we would be better off or our client would be better off if we didn't raise the issue because what may happen is what might happen in this case as well. So if we render an opinion that affirms this decision, can you tell me whether or not the appellate defender or at least to go back and tell the appellate defender that maybe they should consider the reality of the situation and maybe consider whether or not it's in the best interest of their client? Well, this is the second time we've had oral argument in this case. Say that again, I'm sorry. This is our second oral argument in this case. The first case also had oral argument. Justice Briquette, Justice McClaren, and Justice Hudson was the panel at that time. Justice Briquette and Justice McClaren both asked me at that argument, do you understand that this is a void and the sentences could increase? And I answered that our office and agency policy is to discuss with our clients the issues that we are raising before the court, and I do that in every case, and I believe all my colleagues do that in every case. I believe you do, and I think your client clearly did understand, especially in light of our court note that we put in in answer to the last paper of our disposition. We said, quote, although the State suggests that the defendant has argued that upon remand, the trial court cannot sentence him for more than the original aggregate sentence of 26 years in prison, we do not understand the defendant could be making that argument, even if he did, as a fact. And I think that was largely in response to the cowpoo that we had at the original oral argument. Your client understood the ramifications, and when it went back, the trial court did not change either sentence. Right? Yeah. Correct. Thank you. You'll have a moment. Good morning, Your Honors. I'm Barry Jenkins, on behalf of the people of the State of Illinois, as I believe. May I please the Court of Counsel? In this case, it's the State's position that the sentencing court in remand appropriately exercised its discretion and resentenced this defendant to consecutive terms, as was the order of this Court, which was the law of the case. What factors do you consider indicative of a lack of abuse? You said he didn't abuse his discretion. That's a conclusion. Yes. The Court properly considered the foremost factor, the seriousness of the offense in this case, or the two offenses in this case. And, in effect, the defendant is now asking this Court to substitute his judgment and reweigh those different factors. So the Court certainly considered the mitigating evidence both at the original sentencing hearing and on remand when the defendant spoke in elocution and a letter was offered from the prison ministry and the Court and counsel at that time made a plea for a lesser sentence, a reduction of the sentence from the 26 and 7. And the Court indicated that it thought the sentences were correct, that based upon the nature of these offenses, it would deprecate the seriousness of the offense to reduce the sentence. So from those factors, I believe the Court did not lose its discretion. Could the sentence have been more than 33 years? In light of the fact that the first sentence was to avoid? No. They are separate sentences for two separate crimes. They're limited by the aggregate of both. Right. It could have been 33 years and some other combination, perhaps 20 years, although 26 is very close to 20. It could have been 20 years and another 13. I guess that's beyond the offense, the description for the offense. But it could be a different combination as long as it didn't exceed 33 years. In this case, Section 554A is not implicated. Pierce is really not implicated because, as this Court ruled, these were void sentences that didn't really exist, so there could not have been an increase. And so the Court really didn't have to get into the inquiry of whether or not there was additional evidence presented, whether or not this was because 554A simply doesn't apply. After I received the defense counsel's reply brief, I more clearly understood that he was really just operating on this assumption that 33 years was an impermissible increase in an abuse of discretion. Simply put, as I've already stated, there's no evidence that this Court was being vindictive or considered any evidence or that it did not consider any evidence before it. It did, as I said, consider the mitigating evidence presented. And the State's position is these sentences are a correct expression of the Court's intent. Long time ago, in the 70s, I was Chief of the Civil Division in the State's Attorney's Office in New Page County. We had two attorneys who handled appeals. They were both very competent. And very often, when they got up to make argument, they basically said, I think that whatever I want to say now is in my briefs, and unless you have any questions, you may sit down. I would like to sit down. And I'm not suggesting that I'm attempting to impose a semi-shorter position or stance. But my point is, if you don't feel like you need to say anything more, there's no reason for you to stand there. I won't yield my time. I stand on the issues raised in my brief. Thank you. But remember, always ask, do we have any questions? Because that's the primary reason for oral arguments. Yes, we have questions. If there are no further questions, I won't be able to yield my time. Do we have any questions? No.  Mr. Kirkham. Do we have any questions? Thank you. Court's adjourned.